# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCHUN LAFRE GOODWIN, | Case No. 1:23-cv-00232-SAB |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT |
| v. | |
| STATE FARM GENERAL INSURANCE COMPANY, et al., | (ECF No. 1) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Duchun Lafre Goodwin ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action on February 15, 2023. Plaintiff's complaint is currently before the Court for screening.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70

1  F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis*
2  complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)
3  (affirming sua sponte dismissal for failure to state a claim).  The Court exercises its discretion to
4  screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii)
5  fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a
6  defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

7      In determining whether a complaint fails to state a claim, the Court uses the same
8  pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a
9  short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R.
10 Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the
11 elements of a cause of action, supported by mere conclusory statements, do not suffice."
12 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
13 544, 555 (2007)).

14     In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and
15 accept as true all factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89,
16 94 (2007).  Although a court must accept as true all factual allegations contained in a complaint,
17 a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.  "[A]
18 complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
19 short of the line between possibility and plausibility of entitlement to relief.' "  Id. (quoting
20 Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for
21 the court to draw the reasonable conclusion that the defendant is liable for the misconduct
22 alleged. Iqbal, 556 U.S. at 678.

23                                  **II.**

24                       **COMPLAINT ALLEGATIONS**

25     The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of
26 the *sua sponte* screening requirement under 28 U.S.C. § 1915.

27     Plaintiff appears to name the following Defendants: (1) State Farm General Insurance
28 Company; (2) Amanda Alioto, identified as a Claims Section Manager; (3) Maria Sucilla,

1  identified as a State Farm agent; (4) Jeannie Erickson, identified as a Claims Specialist; and (5)

2  Leah Carrol, identified as a Claims Manager.  (Compl. 1-5,[1] ECF No. 1.)

3        Under basis of jurisdiction, Plaintiff did not check either of the boxes which allow for the

4  Plaintiff to choose either diversity jurisdiction, or federal question jurisdiction.  (Compl. 3.)

5  When asked to list the basis for federal question jurisdiction, Plaintiff states: "Sections 102 and

6  103 of the Civil Rights Act of 1991."  (Compl. 4.)  Plaintiff identifies Defendant State Farm

7  General Insurance Company as a citizen of California, but does not list any other Defendants'

8  citizenship.  (Compl. 4-5.)

9        Under statement of claim, Plaintiff states: "unfair discrimination intentionally,"

10  "[d]enying me of the rights to get stat[e]ments in writing from the phone conversations I had in

11  the month of May 2022."  (Compl. 5.)

12        Under relief, Plaintiff avers to a total loss that was unnecessary debt that should not have

13  been; stress of pain from suffering a breach of contract; and consumer safety neglect.  (Compl.

14  6.)

15  **III.**

16  **DISCUSSION**

17        For the reasons discussed below, Plaintiff has failed to state a cognizable claim.  Plaintiff

18  shall be provided the opportunity to file an amended complaint to attempt to correct the

19  deficiencies at issue.

20  **A.    Federal Rule of Civil Procedure 8**

21        Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim

22  showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  "Such a statement must

23  simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which

24  it rests."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal

25  quotation marks omitted).  Detailed factual allegations are not required, but "[t]hreadbare recitals

26  of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

27  _____

28  [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1   Iqbal, 556 U.S. at 678 (citation omitted).  This is because, while factual allegations are accepted
2   as true, legal conclusions are not.  Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S.
3   Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  Therefore, Plaintiff must set forth "sufficient
4   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Iqbal,
5   556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the
6   plaintiff pleads factual content that allows the court to draw the reasonable inference that the
7   defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550
8   U.S. at 556).

9       Plaintiff's allegations are vague and conclusory statements alleging some form of
10  discrimination, a potential breach of contract, and a denial of some form of written statement
11  pertaining to phone conversations Plaintiff had.  As currently pled, Plaintiff's complaint does not
12  contain enough factual details to permit the Court to draw the reasonable inference that any
13  named Defendants are liable for any misconduct alleged.  Iqbal, 556 U.S. at 678.  Plaintiff does
14  not state any specific actions that any named Defendants took relating to the alleged
15  discrimination or other misconduct.  Plaintiff does not mention any of the individual Defendants
16  again after naming them as Defendants.

17      For these reasons, Plaintiff's complaint does not comply with the requirements of Rule
18  8(a)(2).  The Court will grant Plaintiff leave to file an amended complaint to allow Plaintiff to
19  provide additional and specific factual details to the Court.

20      **B.      Diversity and Federal Question Jurisdiction**

21      Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to
22  that granted by Congress.  U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000).  Federal courts
23  are presumptively without jurisdiction over civil actions, and the burden to establish the contrary
24  rests upon the party asserting jurisdiction.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375,
25  377 (1994).  Generally, there are two bases for subject matter jurisdiction: federal question
26  jurisdiction and diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Plaintiff did not check the
27  boxes indicating whether Plaintiff is attempting to plead federal question jurisdiction, diversity
28  jurisdiction, or both.

1    District courts have original jurisdiction of all civil actions between citizens of different

2    States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of

3    interest and costs."  28 U.S.C. § 1332(a).  This requires complete diversity of citizenship and the

4    presence "of a single plaintiff from the same State as a single defendant deprives the district

5    court of original diversity jurisdiction over the entire action."  Abrego Abrego v. The Dow

6    Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).  Here, Plaintiff alleges that

7    they are a citizen of California.  (Compl. 4.)  Plaintiff indicates that Defendant State Farm

8    General Insurance Company is incorporated in and has its principal place of business in

9    California.  (Compl. 5.)  This is the only Defendant's citizenship listed in the area to do so.

10   Plaintiff also indicates that the address for Defendant Maria Sucilla is in California.  (Compl. 2.)

11   Plaintiff also has not listed any monetary amount under amount in controversy.  (Compl. 5.)

12   Plaintiff has not sufficiently pled diversity jurisdiction.

13   Jurisdiction in this action must therefore be based on a federal question.  Pursuant to 28

14   U.S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

15   Constitution, laws, or treaties of the United States.  "A case 'arises under' federal law either

16   where federal law creates the cause of action or where the vindication of a right under state law

17   necessarily turns on some construction of federal law."  Republican Party of Guam v. Gutierrez,

18   277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd.

19   v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)).  "[T]he

20   presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

21   rule,' which provides that federal jurisdiction exists only when a federal question is presented on

22   the face of the plaintiff's properly pleaded complaint."  Republican Party of Guam, 277 F.3d at

23   1089 (citations omitted).

24   As to federal question jurisdiction, Plaintiff has not sufficiently alleged facts against the

25   Defendants that would state a federal claim.

26   **C.      Plaintiff has not Stated a Claim to Establish Federal Question Jurisdiction**

27   It is unclear the law that Plaintiff is trying to allege was violated, and unclear what the

28   factual allegations are that could support such claim.  Under statement of claim, Plaintiff only

1    writes: "unfair discrimination intentionally," "[d]enying me of the rights to get stat[e]ments in

2    writing from the phone conversations I had in the month of May 2022." (Compl. 5.)  Plaintiff

3    only avers to "Sections 102 and 103 of the Civil Rights Act of 1991." (Compl. 4.)

4         "Congress enacted the Civil Rights Act of 1991 (1991 Act), Pub. L. No. 102-166, 105

5    Stat. 1071, in order to restore civil rights limited by then-recent Supreme Court decisions and to

6    'strengthen existing protections and remedies available under federal civil rights laws to provide

7    more effective deterrence and adequate compensation for victims of discrimination." Lambert v.

8    Tesla, Inc., 923 F.3d 1246, 1249 (9th Cir. 2019) (citations and quotation marks omitted); see also

9    Civil Rights Act Of 1991, PL 102–166, November 21, 1991, 105 Stat 1071 ("An Act to amend

10   the Civil Rights Act of 1964 to strengthen and improve Federal civil rights laws, to provide for

11   damages in cases of intentional employment discrimination, to clarify provisions regarding

12   disparate impact actions, and for other purposes."); 42 U.S.C. § 1981a ("Damages in cases of

13   intentional discrimination in employment.").

14        Plaintiff's complaint contains insufficient facts pertaining to any of the named

15   Defendants, and does not describe what any Defendants have done that would amount to a

16   violation of Plaintiff's federal rights.  See Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 533–34,

17   119 S. Ct. 2118, 2123–24, 144 L. Ed. 2d 494 (1999) ("Prior to 1991, only equitable relief,

18   primarily backpay, was available to prevailing Title VII plaintiffs; the statute provided no

19   authority for an award of punitive or compensatory damages . . . [w]ith the passage of the 1991

20   Act, Congress provided for additional remedies, including punitive damages, for certain classes

21   of Title VII and ADA violations."); Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d

22   840, 847 (9th Cir. 2004) (To establish a prima facie case for Title VII discrimination, plaintiff

23   must show the following: (1) they are a member of a protected class; (2) they were qualified for

24   the position; (3) they suffered an adverse employment action; and (4) similarly situated

25   individuals outside her protected class were treated more favorably.); Samper v. Providence St.

26   Vincent Med. Ctr., 675 F.3d 1233, 1237 (9th Cir. 2012) ("To establish a prima facie case for

27   failure to accommodate under the ADA, Samper must show that (1) [s]he is disabled within the

28   meaning of the ADA; (2) [s]he is a qualified individual able to perform the essential functions of

1   the job with reasonable accommodation; and (3) [s]he suffered an adverse employment action
2   because of [her] disability.") (quotation marks and citations omitted); <u>Campos v. Town of</u>
3   <u>Pahrump</u>, 274 F. Supp. 3d 1106, 1115–16 (D. Nev. 2017) ("[T]o establish a prima facie case of
4   retaliation under the ADA, an employee must show that: (1) he or she engaged in a
5   protected activity; (2) suffered an adverse employment action; and (3) there was a causal link
6   between the two.") (citations and quotation marks omitted).

7   　　Accordingly, the Court finds Plaintiff's complaint does not state a cognizable claim for
8   violation of Plaintiff's federal rights.  The Court shall grant Plaintiff to file an amended
9   complaint.

10                                         **IV.**

11                          **CONCLUSION AND ORDER**

12   　　Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief.
13   The Court will grant Plaintiff an opportunity to amend the complaint to cure the above-identified
14   deficiencies to the extent Plaintiff is able to do so in good faith.  <u>Lopez v. Smith</u>, 203 F.3d 1122,
15   1130 (9th Cir. 2000).

16   　　Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
17   each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>,
18   556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to
19   raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations
20   omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
21   claims in his first amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no
22   "buckshot" complaints).

23   　　Plaintiff is advised that an amended complaint supersedes the original complaint.  <u>Lacey</u>
24   <u>v. Maricopa Cnty.</u>, 693 F.3d 896, 927.  Therefore, Plaintiff's first amended complaint must be
25   "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.
26   Plaintiff's first amended complaint must be filed within thirty (30) days, and is subject to the
27   twenty-five (25) page limit set forth above.

28   ///

                                          7

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      The Clerk of the Court shall send Plaintiff a civil rights complaint form;

2.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;

3.      The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4.      If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 10, 2023**

UNITED STATES MAGISTRATE JUDGE