# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCHUN LAFRE GOODWIN,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 1:23-cv-00232-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION AND DENYING MOTION FOR LIBRARY ACCESS, SUBPOENA AND CONSOLIDATION<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>(ECF Nos. 1, 4, 5, 6)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.**

**INTRODUCTION AND BACKGROUND**

Duchun Lafre Goodwin ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action on February 15, 2023.  On April 10, 2023, the Court screened Plaintiff's complaint and found it did not state a cognizable claim.  (ECF No. 4.)  The Court ordered Plaintiff to file an amended complaint within thirty (30) days.  (Id.)  The Court's order was returned as undeliverable on April 19, 2023, and the order was re-mailed on the same date.  On May 24, 2023, a first amended complaint was filed, and on May 30, 2023, a motion to consolidate, for law library access, and for a subpoena, was filed by Plaintiff.  (ECF Nos. 5, 6.)  For the reasons

1

1  explained herein, the Court recommends Plaintiff's complaint(s) be dismissed, that Plaintiff's

2  motion for consolidation and subpoena be denied, and this action be closed.

3                                              **II.**

4                              **SCREENING REQUIREMENT**

5         Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court

6  determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which

7  relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

8  such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)

9  (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners);

10  Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*

11  proceedings which seek monetary relief from immune defendants); Cato v. United States, 70

12  F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis*

13  complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)

14  (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to

15  screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii)

16  fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

17  defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

18         In determining whether a complaint fails to state a claim, the Court uses the same

19  pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a

20  short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R.

21  Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the

22  elements of a cause of action, supported by mere conclusory statements, do not suffice."

23  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

24  544, 555 (2007)).

25         In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and

26  accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89,

27  94 (2007). Although a court must accept as true all factual allegations contained in a complaint,

28  a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A]

1  complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops

2  short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting

3  Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for

4  the court to draw the reasonable conclusion that the defendant is liable for the misconduct

5  alleged. Iqbal, 556 U.S. at 678.

**III.**

**COMPLAINT ALLEGATIONS**

8      The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of

9  the *sua sponte* screening requirement under 28 U.S.C. § 1915.

10      Plaintiff's first amended complaint filed on May 24, 2023, consists only of the first

11  caption page.  (See ECF No. 5.)   Thereafter, Plaintiff filed a motion to consolidate, for

12  subpoenas, and for federal law library access.  (ECF No. 6.)  Because Plaintiff did not provide

13  any additional factual allegations in the first amended complaint, the Court shall summarize the

14  facts as contained in the initially filed complaint that the Court screened.

15      Plaintiff appears to name the following Defendants: (1) State Farm General Insurance

16  Company; (2) Amanda Alioto, identified as a Claims Section Manager; (3) Maria Sucilla,

17  identified as a State Farm agent; (4) Jeannie Erickson, identified as a Claims Specialist; and (5)

18  Leah Carrol, identified as a Claims Manager. (Compl. 1-5,[1] ECF No. 1.)

19      Under basis of jurisdiction, Plaintiff did not check either of the boxes which allow for the

20  Plaintiff to choose either diversity jurisdiction, or federal question jurisdiction.  (Compl. 3.)

21  When asked to list the basis for federal question jurisdiction, Plaintiff states: "Sections 102 and

22  103 of the Civil Rights Act of 1991."  (Compl. 4.)  Plaintiff identifies Defendant State Farm

23  General Insurance Company as a citizen of California, but does not list any other Defendants'

24  citizenship. (Compl. 4-5.)

25      Under statement of claim, Plaintiff states: "unfair discrimination intentionally,"

26  "[d]enying me of the rights to get stat[e]ments in writing from the phone conversations I had in

27

28  [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1 | the month of May 2022." (Compl. 5.)

2 |   Under relief, Plaintiff avers to a total loss that was unnecessary debt that should not have

3 | been; stress of pain from suffering a breach of contract; and consumer safety neglect. (Compl.

4 | 6.)

5 | **IV.**

6 | **DISCUSSION**

7 |   For the reasons explained in the Court's screening order and reiterated below, Plaintiff's

8 | complaint fails to state a cognizable claim. Plaintiff was provided the opportunity to file an

9 | amended complaint to attempt to correct the deficiencies at issue, but the filing does not contain

10 | any additional factual allegations. Rather, Plaintiff filed the motion for consolidation with six

11 | other cases in the Eastern District, for a subpoena, and for law library access. For the reasons

12 | explained below, the Court recommends this action be dismissed for failure to state a claim, and

13 | that Plaintiff's motion be denied.

14 |   **A.**  **Federal Rule of Civil Procedure 8**

15 |   Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim

16 | showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must

17 | simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which

18 | it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal

19 | quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals

20 | of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

21 | Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted

22 | as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S.

23 | Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient

24 | factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal,

25 | 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the

26 | plaintiff pleads factual content that allows the court to draw the reasonable inference that the

27 | defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550

28 | U.S. at 556).

4

1    Plaintiff's allegations are vague and conclusory statements alleging some form of

2    discrimination, a potential breach of contract, and a denial of some form of written statement

3    pertaining to phone conversations Plaintiff had.  As currently pled, Plaintiff's complaint does not

4    contain enough factual details to permit the Court to draw the reasonable inference that any

5    named Defendants are liable for any misconduct alleged.  Iqbal, 556 U.S. at 678.  Plaintiff does

6    not state any specific actions that any named Defendants took relating to the alleged

7    discrimination or other misconduct.  Plaintiff does not mention any of the individual Defendants

8    again after naming them as Defendants.

9    For these reasons, Plaintiff's complaint does not comply with the requirements of Rule

10   8(a)(2).  The Court granted Plaintiff leave to file an amended complaint to allow Plaintiff to

11   provide additional and specific factual details to the Court, but Plaintiff failed to do so.

12   **B.    Diversity and Federal Question Jurisdiction Generally**

13   Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to

14   that granted by Congress.  U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000).  Federal courts

15   are presumptively without jurisdiction over civil actions, and the burden to establish the contrary

16   rests upon the party asserting jurisdiction.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375,

17   377 (1994).  Generally, there are two bases for subject matter jurisdiction: federal question

18   jurisdiction and diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Plaintiff did not check the

19   boxes indicating whether Plaintiff is attempting to plead federal question jurisdiction, diversity

20   jurisdiction, or both.

21   District courts have original jurisdiction of all civil actions between citizens of different

22   States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of

23   interest and costs."  28 U.S.C. § 1332(a).  This requires complete diversity of citizenship and the

24   presence "of a single plaintiff from the same State as a single defendant deprives the district

25   court of original diversity jurisdiction over the entire action."  Abrego Abrego v. The Dow

26   Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).  Here, Plaintiff alleges that

27   they are a citizen of California.  (Compl. 4.)  Plaintiff indicates that Defendant State Farm

28   General Insurance Company is incorporated in and has its principal place of business in

5

1   California.  (Compl. 5.)  This is the only Defendant's citizenship listed in the area to do so.

2   Plaintiff also indicates that the address for Defendant Maria Sucilla is in California.  (Compl. 2.)

3   Plaintiff also has not listed any monetary amount under amount in controversy.  (Compl. 5.)

4   Plaintiff has not sufficiently pled diversity jurisdiction.

5        Jurisdiction in this action must therefore be based on a federal question.  Pursuant to 28

6   U.S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

7   Constitution, laws, or treaties of the United States.  "A case 'arises under' federal law either

8   where federal law creates the cause of action or where the vindication of a right under state law

9   necessarily turns on some construction of federal law."  <u>Republican Party of Guam v. Gutierrez</u>,

10  277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting <u>Franchise Tax Bd.</u>

11  <u>v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 8–9 (1983) (citations omitted)).  "[T]he

12  presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

13  rule,' which provides that federal jurisdiction exists only when a federal question is presented on

14  the face of the plaintiff's properly pleaded complaint."  <u>Republican Party of Guam</u>, 277 F.3d at

15  1089 (citations omitted).

16       As to federal question jurisdiction, Plaintiff has not sufficiently alleged facts against the

17  Defendants that would state a federal claim, as the Court now further discusses.

18       **C.**     **Plaintiff has not Stated a Claim to Establish Federal Question Jurisdiction**

19       It is unclear the law that Plaintiff is trying to allege was violated, and unclear what the

20  factual allegations are that could support such claim.  Under statement of claim, Plaintiff only

21  writes: "unfair discrimination intentionally," "[d]enying me of the rights to get stat[e]ments in

22  writing from the phone conversations I had in the month of May 2022."  (Compl. 5.)  Plaintiff

23  only avers to "Sections 102 and 103 of the Civil Rights Act of 1991."  (Compl. 4.)

24       "Congress  enacted  the Civil Rights Act of 1991 (1991 Act), Pub.  L.  No. 102-166,  105

25  Stat. 1071, in order to restore civil rights limited by then-recent Supreme Court decisions and to

26  'strengthen existing protections and remedies available under federal civil rights laws to provide

27  more effective deterrence and adequate compensation for victims of discrimination."  <u>Lambert v.</u>

28  <u>Tesla, Inc.</u>, 923 F.3d 1246, 1249 (9th Cir. 2019) (citations and quotation marks omitted); <u>see also</u>

1   Civil Rights Act Of 1991, PL 102–166, November 21, 1991, 105 Stat 1071 ("An Act to amend

2   the Civil Rights Act of 1964 to strengthen and improve Federal civil rights laws, to provide for

3   damages in cases of intentional employment discrimination, to clarify provisions regarding

4   disparate impact actions, and for other purposes."); 42 U.S.C. § 1981a ("Damages in cases of

5   intentional discrimination in employment.").

6        Plaintiff's complaint contains insufficient facts pertaining to any of the named

7   Defendants, and does not describe what any Defendants have done that would amount to a

8   violation of Plaintiff's federal rights.  See Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 533–34,

9   119 S. Ct. 2118, 2123–24, 144 L. Ed. 2d 494 (1999) ("Prior to 1991, only equitable relief,

10  primarily backpay, was available to prevailing Title VII plaintiffs; the statute provided no

11  authority for an award of punitive or compensatory damages . . . [w]ith the passage of the 1991

12  Act, Congress provided for additional remedies, including punitive damages, for certain classes

13  of Title VII and ADA violations."); Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d

14  840, 847 (9th Cir. 2004) (To establish a prima facie case for Title VII discrimination, plaintiff

15  must show the following: (1) they are a member of a protected class; (2) they were qualified for

16  the position; (3) they suffered an adverse employment action; and (4) similarly situated

17  individuals outside her protected class were treated more favorably.); Samper v. Providence St.

18  Vincent Med. Ctr., 675 F.3d 1233, 1237 (9th Cir. 2012) ("To establish a prima facie case for

19  failure to accommodate under the ADA, Samper must show that (1) [s]he is disabled within the

20  meaning of the ADA; (2) [s]he is a qualified individual able to perform the essential functions of

21  the job with reasonable accommodation; and (3) [s]he suffered an adverse employment action

22  because of [her] disability.") (quotation marks and citations omitted); Campos v. Town of

23  Pahrump, 274 F. Supp. 3d 1106, 1115–16 (D. Nev. 2017) ("[T]o establish a prima facie case of

24  retaliation under the ADA, an employee must show that: (1) he or she engaged in a

25  protected activity; (2) suffered an adverse employment action; and (3) there was a causal link

26  between the two.") (citations and quotation marks omitted).

27       Accordingly, the Court finds Plaintiff's complaint does not state a cognizable claim for

28  violation of Plaintiff's federal rights.  The Court granted Plaintiff leave to file an amended

1  complaint, but Plaintiff did not provide any additional factual information.  Therefore, the Court

2  recommends this action be dismissed for failure to state a claim.

3  **D.     The Court Recommends Denying Plaintiff's Motion to Consolidate, for**
       **Subpoena, and for Law Library Access**

4

5  While Plaintiff did not provide any additional factual materials in the filed amended

6  complaint, Plaintiff filed a motion to consolidate, for subpoena, and for law library access.  (ECF

7  No. 6.)

8  Plaintiff describes that he is the Plaintiff in seven (7) cases in the Eastern District of

9  California, including this action.  The six other actions are: (1) Goodwin v. State Farm General

10  Insurance Company, Case No. 1:23-cv-00165-HBK; (2) Goodwin v. California Department of

11  Insurance, Case No. 1:23-cv-00259-JLT-HBK; (3) Goodwin v. Royal Properties, Case No. 1:23-

12  cv-00260-ADA-HBK;  (4)  Goodwin  v.  Yamada,  Case  No.  1:23-cv-00345-JLT-EPG;  (5)

13  Goodwin v. California Department of Insurance, Case No. 1:23-cv-00346-HBK; and (6)

14  Goodwin v. City Attorney's Office, Case No. 1:23-cv-00347-JLT-BAM.  (ECF No. 6 at 1.)

15  Plaintiff argues that all such cases should be consolidated together in one case because they are

16  all related to intentional discrimination and fair housing laws; and some people in this case

17  tampered with Plaintiff's mail to delay court filings.  (Id.)  Plaintiff also requests subpoenas for

18  each case, but does not describe why subpoenas are necessary at this stage, and it is not clear if

19  Plaintiff meant to request summonses be issued instead.  (Id. at 2.)

20  As noted above, the Court's screening order was returned by the U.S. Postal Service as

21  undeliverable on April 19, 2023.  However, the order was re-mailed on the same date, and

22  Plaintiff has now responded to the Court's screening order.  The Court screened Plaintiff's

23  initially filed complaint and allowed an opportunity to file an amended complaint to cure the

24  above identified deficiencies.  Plaintiff did not provide any additional factual information and

25  instead filed the motion to consolidate and for subpoenas.  Given Plaintiff's complaint fails to

26  state a cognizable claim, and because Plaintiff has not submitted an amended complaint with

27  additional factual information, the Courts finds consolidation improper, and the issuance of

28  subpoenas to be unnecessary.

1    As for library access, Plaintiff states: "I was made aware of I can and have the right [to]

2 have access to study in [February 2023]." (Id.)  Plaintiff states: "I have been denied once and

3 every[] time I arrive [the library is] not open and the time I was denied the[re] was a lady and

4 man in the library and I swear under oath they [said the library was] closed because and I have

5 witness . . . of that." (Id.)

6    The Court notes the Local Rules for the Eastern District of California provide that: "The

7 Court maintains libraries in Sacramento and Fresno which are open to attorneys admitted to

8 practice in this Court and to persons appearing in propria persona in this Court, who may use the

9 libraries in accordance with such General Orders as the Court may adopt." L.R. 120(a).  It

10 appears Plaintiff attempted to use the library in February of 2023, and perhaps other dates, and

11 on such occasions the library was closed, but on one occasion, Plaintiff saw people in the library.

12 Given the Court's local rule and the Plaintiff's stated facts underlying his motion for law library

13 access, the Court finds no established basis for granting the motion or the need for an order from

14 the Court to permit Plaintiff to access the law library.  As long as Plaintiff is a *pro se* party in this

15 case or another case, Plaintiff has the right under the Local Rule to access the law library.  The

16 Court has not located any relevant General Orders that would override the Local Rule.

17    Accordingly, the Court recommends denying Plaintiff's motion to consolidate, for

18 subpoena, and for law library access.

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

**V.**

**RECOMMENDATION AND ORDER**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's motion to consolidate, for subpoena, and for law library access (ECF No. 6), be DENIED;

2.      The complaint (ECF No. 1), and first amended complaint filing (ECF No. 5)[2], be DISMISSED without leave to amend; and

3.      The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of these recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the Clerk of the Court be DIRECTED to randomly assign a District Judge to this action.

IT IS SO ORDERED.

Dated:    __June 28, 2023__

                                   UNITED STATES MAGISTRATE JUDGE

---

[2] Again, the first amended complaint only included the caption page, and therefore the Court principally relied on the factual allegations contained in the initially filed complaint.